IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA MOXLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:12cv457-MEF |
| | ) | (WO) |
| WINN DIXIE MONTGOMERY, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Angela Moxley ("Moxley") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against her former employer, Winn Dixie Montgomery, LLC, alleging that she was sexually harassed by co-defendant Richard Tornow, and terminated in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Now pending before the court is the plaintiff's motion to compel (doc. # 46) filed on December 2, 2013. The court held oral argument on the motion on January 14, 2014. For the reasons which follow, the motion is due to be granted in part and denied in part.

The plaintiff seeks to compel the defendant to produce responses to four requests for production. Request for Production 23 seeks personnel files of "certain current and former Winn-Dixie employees." (Doc. # 46 at 3). Request for Production 18 asks for "all time records showing [Plaintiff's] clock-in, clock-out time." (*Id*. at 5) (alteration in the original). Request for Production 24 seeks "all video surveillance footage created and/or recorded by

Winn-Dixie's video surveillance system during the periods of July 7, 2011 through July 20, 2011." (*Id*. at 7). In Request 25, pursuant to FED.R.CIV.P. 34(a)(2), Moxley seeks entry to Winn-Dixie store 451 to inspect and photograph areas relevant to her claims. (*Id*. at 9-10). Defendant Winn Dixie opposed the plaintiff's requests as "overbroad, unduly burdensome, seek[ing] irrelevant documents and private information concerning non-party employees." (Doc. # 49).

Prior to oral argument on the motion to compel, the parties resolved Request 23 related to personnel files of Winn Dixie's employees, and Request 18 related to Moxley's time clock records. The defendant agrees to produce certain disciplinary records of its employees and specific time clock records of Moxley's limited to 2010 and 2011. Consequently, the motion to compel regarding these requests will be denied as moot. Winn Dixie also agrees to produce the personnel files of Richard Tornow and Bryan Howard pursuant to a protective order.[1] The motion to compel the production of Tornow and Howard's personnel files will be granted subject to the entry of a protective order. The parties were unable to reach an agreement regarding the video surveillance and the inspection of the Winn Dixie store at issue.

It became clear at oral argument that the dispute regarding the video surveillance stems from a disagreement about the existence of a 34 minute video clip allegedly viewed by Winn Dixie's corporate representative. Counsel for Winn Dixie represented to the court

---

[1] The parties are DIRECTED to file a motion for a protective order with the proposed protective order attached no later than January 24, 2014.

2

that this videotape does not exist and that Winn Dixie has produced all video surveillance in its possession.[2] The defendant cannot produce something that does not exist. The motion to compel the production of video surveillance will be denied.

Finally, the plaintiff seeks to inspect and photograph Winn Dixie store 451. The defendant objects because, according to Winn Dixie, an inspection that includes photographing areas will be disruptive to its employees and customers. The court will exercise its authority to control discovery, *see Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011), and will permit the plaintiff to inspect and photograph the following areas to include the immediate surrounding areas of the time clock, the plaintiff's office, the break room and any areas where the alleged sexual harassment took place. The defendant agrees to provide the plaintiff with a diagram of the store that includes the location of all video cameras pursuant to the entry of a protective order. Accordingly, it is

ORDERED as follows that:

1.     The motion to compel responses to request for production 23 related to certain disciplinary records of Winn Dixie's employees, and request for production 18 related to Moxley's time clock records limited to 2010 and 2011 be and are hereby DENIED as moot.

2.     The motion to compel Winn Dixie to produce the personnel files of Richard Tornow and Bryan Howard be and is hereby GRANTED, subject to the entry of a protective

---

[2] At oral argument, the court reminded counsel of her obligation to formally reply to the plaintiff's request.

order.

3.	The motion to compel a response to request for production 24, video surveillance footage, be and is hereby DENIED as counsel for the defendant represented to the court that all existing video surveillance footage has been produced to the plaintiff.

4.	The motion to compel an inspection of Winn Dixie store 451 be and is hereby GRANTED to the extent that, at a reasonable time convenient to the defendant, the plaintiff may enter the store to inspect and photograph the following areas to include the immediate surrounding areas of the time clock, the plaintiff's office, the break room and any areas where the alleged sexual harassment took place.

5.	The defendant shall produce to the plaintiff a diagram of the store that includes the location of all video cameras within fourteen (14) days of the entry of a protective order.

Done this 15th day of January 2014.

        /s/Charles S. Coody
        CHARLES S. COODY
        UNITED STATES MAGISTRATE JUDGE